IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08mc93

| | |
|---|---|
| IN RE APPLICATION OF QWEST COMMUNICATIONS INTERNATIONAL INC., | ) ) ) ) ) ) ) ) ) |
| | AMENDED ORDER |
| In re Application for Order Pursuant to 28 U.S.C. § 1782. | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(b), upon referral of Honorable Robert J. Conrad, Jr., United States Chief District Judge, for consideration and disposition of petitioner Qwest Communications International Inc.'s Application for Discovery Pursuant to 28 U.S.C. § 1782. Petitioner seeks an Order (1) requiring the Clerk of this issue a subpoena requiring Bank of America, N.A., to appear for purposes of being deposed and producing documents as provided in Section 1782(a), (2) permitting the designation of a certified court reporter as an officer of this court for purposes of administering an oath and taking a statement, all for use in a commercial action now pending in the Netherlands before the Amsterdam District Court. <u>Cargill v. KPN N.C.</u>, No. 360959/ HA ZA 07-192.

# FINDINGS AND CONCLUSIONS

## I.     Jurisdiction

The court has reviewed the application and the over 600 pages of exhibits annexed thereto. Review of the application begins with the authorizing statute:

> **(a)** The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. 1782(a).

First, the undersigned must determine whether he has jurisdiction to Order the issuance of subpoena under Section 1782(a). Inasmuch as this is an *ex parte*

application, there can be no jurisdiction in a magistrate judge under 28, United States Code, Section 636(c). Turning next to 28, United States Code, Section 636(b)(1)(A), a United States Magistrate Judge may, upon referral of a United States District Judge, dispose of certain non-dispositive matters upon referral of the district court. In the only case on point that the undersigned could find, Phillips v. Beierwaltes, 466 F.3d 1217 (10th Cir. 2006), the Court of Appeals for the Tenth Circuit held, where an appeal was taken from a magistrate judge's Order allowing a Section 1782(a) subpoena, as follows:

> the administrators argue their application can be characterized as a "discovery dispute" and, as such, may be referred to a magistrate judge without the Beierwaltes' consent. Specifically, the administrators claim their § 1782 application was properly referred by the clerk of court to the magistrate judge under a blanket referral order assigning to magistrate judges all "discovery disputes in cases pending in other federal courts." D.C. Colo. L. Civ. R. 72.1(B)(7). We disagree. The administrators' application does not stem from a case "pending in [an]other federal court[ ]." D.C. Colo. L. Civ. R. 72.1(B)(7). Rather, it is a subpoena request arising from a case pending in an English court. Accordingly, we question whether an application made pursuant to 28 U.S.C. § 1782 constitutes a "pretrial matter pending before the court" for the purposes of referring a matter to a magistrate judge under this local rule. 28 U.S.C. § 636(b)(1)(A).
> We need not decide whether there was a proper reference to the magistrate judge under § 636(b) and the District of Colorado local rules because even if there was, the magistrate judge had no authority to enter a final order on the matter at issue here.
>> Federal magistrate judges are creatures of statute, and so is their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the

> jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. As applicable here where the parties did not consent to proceeding before the magistrate judge, see § 636(c)(1), the district court may designate a magistrate judge to consider various matters. See § 636(b). These matters are generally categorized as 'dispositive' or 'non-dispositive,' and a magistrate judge's authority with respect to each category is different: Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations as to those matters if a party objects to the magistrate's recommendations. Id. § 636(b)(1)(B), (C).
>
> *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir.2000) (internal citations, quotations, and brackets omitted).
>
> Whether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782, it was not a final appealable order until the district court acted on it. In these circumstances, "[w]hen [the Beierwaltes] objected to the magistrate judge's order through [their] motion for reconsideration, the district court was obligated to [review] the basis for the order." *First Union Mortgage Corp.*, 229 F.3d at 996. Because the district court failed to do so, no final appealable order was entered in this case.
>
> Accordingly, we lack jurisdiction to review the Beierwaltes' appeal, and we therefore DISMISS it.

Id., at 1221 -1222 (citation omitted).

While the appellate court in Phillips questioned whether a United States Magistrate Judge could be referred a Section 1782 application under the language of

-4-

the Colorado local rule, which provided a blanket referral of any "pretrial matter pending before the court," such decision does not appear to be applicable in light of the Local Civil Rules of this district as well as the district judge's Order of Reference applicable to this matter. First, Local Civil Rule 73.1(A) provides in relevant part, as follows:

> (A) Magistrate Judges are Authorized and Designated to Exercise the Following Functions and Duties Regarding Civil Actions in the Western District:
> ***
> (2) to hear and decide non-dispositive procedural or discovery motions and other pretrial matters, as provided by 28 U.S.C. § 636(b)(1)(A) ....

L.Cv.R. 73.1(A). Further, the Order of Reference of the district judge to whom this matter is assigned authorizes a magistrate judge to "dispose of any civil pretrial motions pertaining to discovery arising under . . . the Federal Rules of Civil Procedure...." See 3:05mc268 (Conrad, C.D.J.). In turn, the Federal Rules of Civil Procedure provide that such "rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed.R.Civ.P. 1. Indeed,, Section 1782 specifically provides that "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure" 28 U.S.C. § 1782(a).

While the appellate court in Phillips questioned whether a Section 1782(a)

proceeding was a "civil action" pending before the district court, there can be no doubt that a Section 1782(a) petition is a "proceeding[] in the United States district courts." Id. In any event, an Order either allowing or refusing to allow the Clerk of this court to issue a subpoena is not a final Order, and may be called into question by the subpoenaed party as provided in Rule 45, Federal Rules of Civil Procedure, or may be reviewed by the district court under Section 636(b) upon a showing that the order is clearly erroneous or contrary to law. The undersigned, therefore, determines that this petition has been properly referred and that jurisdiction exists under Section 636(b) to consider such application.

## II. Substantive Review

### A. Rule 45 Analysis

The undersigned has closely considered the *ex parte* application for issuance of a subpoena directed to Bank of America, N.A., which would require such corporation to appear and give testimony, as well as produce documents, at a deposition scheduled for July 31, 2008, in Charlotte, North Carolina. Initial review, therefor, shows that such application complies with the requirement os Rule 45 and, if promptly served, would allow the proposed deponent sufficient time within which to either object, Fed.R.Civ.P. 45(c)(2)(B), or move to quash. Fed.R.Civ.P. 45(c)(3).

### B. Section 1782(a) Analysis.

First, it appears that the proposed deponent, Bank of America, N.A., is headquartered within the Western District of North Carolina. Second, it appears that courts have routinely held that the courts of the Netherlands are "tribunals" under Section 1782. In re Benetton Int'l, N.V., 1997 WL 1068669 (E.D.N.Y. 1997).[1] Fourth, it appears that the discovery sought - - Bank of America, N.A.'s GTS Due Diligence Files, Facilities Due Diligence Files, and Assignment Due Diligence Files, as well as any non-privileged communications concerning the claims that Bank of America assigned, as well as deposing the bank - - are relevant to the litigation now pending in the Netherlands. The Amsterdam District Court held, in essence, that petitioner was entitled to compel the production of due diligence files that were in the possession of the plaintiff in that action, but that the due diligence files of the original lender, Bank of America, N.A., were beyond that court's jurisdiction to compel. See Sherman Decl., Ex. D, § 5.11. Third, it appears that the petitioner is an interested party and has actually appeared and subjected itself to the jurisdiction of the court in the litigation now pending in the Netherlands. In re Lancaster Factoring Co. Ltd., 90 F.3d 38, 42 (2d Cir. 1996).

The statutory requirements for issuance of a subpoena under Section 1782

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

having been met, the undersigned now turns to whether, in the court's discretion, the subpoena *should* be issued. Guidance on this issue is found in the Supreme Court's recent decision in Intel Corp. V. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), which held that a district court may take the following factors into consideration in deciding whether to grant a Section 1782 application:

> First, when the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here), the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. App. to Reply Brief 4a ("When th[e] person [who is to produce the evidence] is a party to the foreign proceedings, the foreign or international tribunal can exercise its own jurisdiction to order production of the evidence." (*quoting* declaration of H. Smit in *In re Application of Ishihara Chemical Co., Ltd., For order to Take discovery of Shipley Company, L.L.C., Pursuant to 28 U.S.C. § 1782*, Misc. 99-232(FB) (EDNY, May 18, 2000))). In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid. *See* App. to Reply Brief 4a.
>
> Second, as the 1964 Senate Report suggests, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. See S.Rep. No. 1580, at 7. Further, the grounds Intel urged for categorical limitations on § 1782(a)'s scope may be relevant in determining whether a discovery order should be granted in a particular case. *See* Brief for United States as *Amicus Curiae* 23. Specifically, a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign

> proof-gathering restrictions or other policies of a foreign country or the United States. *See id.*, at 27. Also, unduly intrusive or burdensome requests may be rejected or trimmed. *See Bayer*, 146 F.3d, at 196 (remanding for district-court consideration of "appropriate measures, if needed, to protect the confidentiality of materials"); *In re Application of Esses*, 101 F.3d 873, 876 (C.A.2 1996) (affirming limited discovery that is neither "burdensome [n]or duplicative").

Id., at 264-265. These appear to be non-exclusive factors, and the unsigned will consider other factors.

First, it does not appear that bank of America, N.A., is either a party or a participant in the action now pending in the Netherlands. Further, it appears that the foreign court has determined that the due diligence files of the original lender are relevant to such action, but beyond that court's reach. This appears to coincide precisely with the first consideration enumerated by the Court, which would counsel invoking the aid of the United States District Court. Id., at 265 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Second, it appears that the Amsterdam District Court is, like this court, a court of first resort in the Netherlands. Das Decl., at ¶ 8. Further, it appears that the courts in the Netherlands have been historically receptive to requests for assistance by the courts of the United States. Id., at ¶ 9.

Third, it does not appear that the application now pending before the court is an attempt to circumvent the court in the Netherlands or any restrictions such court may have imposed upon the requesting party in its efforts to gather discovery. Indeed, it appears, as discussed above, that the court in the Netherlands found the discovery sought herein to be relevant, but outside its reach. Such court specifically found that petitioner has a "legitimate interest" in the due diligence files.

Fourth, it appears that the requests are narrowly tailored to produce information relevant to the issues now pending and that safeguards are built into the request to prevent the production of privileged information. In the Netherlands action, it is alleged that petitioner and other defendants misrepresented KPNQwest's financial condition condition. Sherman Decl., at ¶ 14-17. The discovery sought herein appears to be highly relevant and narrowly tailored to defend itself against the allegations it now faces.

Fifth, the court has considered whether these documents are otherwise available to petitioner. Clearly, such are not available through the process available in the Netherlands. Instead, it appears that the only method that may be employed is through Section 1782.

Sixth, it appears that allowing the request would promote comity between the courts of the United States and the courts of the Netherlands. Indeed, it appears that

like the United States, the Netherlands is a signatory to the *Hague Convention*. Convention on taking Evidence Abroad, 23 U.S.T. 2555.

Seventh, and finally, it appears that the issuance of a subpoena based on an ex parte application will not prejudice the rights of the subpoenaed party, bank of America, N.A. Issuance of the subpoena is but a first step in this process, and allows for the subpoenaed party to challenge the subpoena under Rule 45, Federal Rules of Civil Procedure, or appeal this Order to the district court upon a showing that its issuance was clearly erroneous or contrary to law.

### C. Appointment of a Certified Court Reporter to Administer the Oath

While the petitioner has not identified the certified court reporter who will be taking the deposition, the court finds that the request is appropriate and will appoint the certified court reporter who is retained to record the deposition to administer any necessary oath and take the testimony or statement required to be given at such deposition.

### ORDER

**IT IS, THEREFORE, ORDERED** that petitioner Qwest Communications International Inc.'s Application for Discovery Pursuant to 28 U.S.C. § 1782 (#1) is **ALLOWED,** and the Clerk of this court is instructed to **ISSUE** the proposed

subpoena and return such to counsel for the petitioner for service. The court appoints the certified court reporter who is retained to record the deposition to administer any necessary oath and take the testimony or statement required to be given at such deposition.

Signed: July 9, 2008

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge